IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00299-KDB

PRESTON A BURLEY,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

    Defendant.

ORDER

**THIS MATTER** is before the Court on Plaintiff Preston A. Burley's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 18), as well as the parties' accompanying briefs. Mr. Burley, through counsel, seeks judicial review of an unfavorable administrative decision determining that he was no longer disabled.

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court finds that the Commissioner's decision to deny Plaintiff social security benefits is supported by substantial evidence. Accordingly, the Court will **DENY** Plaintiff's Motion for Summary Judgment; **GRANT** Defendant's Motion for Summary Judgment; and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND

In an Administrative Law Judge ("ALJ") decision dated June 24, 2006, the Social Security Administration ("SSA") found that Plaintiff was disabled, with May 27, 2003 being the onset of disability. (Tr. 112). At the time of that decision, the ALJ found that Mr. Burley had the following medically determinable impairments: cardiomyopathy, congestive heart failure (CHF),

1

hypertension, and sleep apnea. (Tr. 114). These impairments were found to result in the Residual Functional Capacity ("RFC") to perform less than full-time sedentary exertion. *Id.* Upon reconsideration, after a disability hearing conducted on May 29, 2014, it was determined that Mr. Burley was no longer disabled as of May 1, 2014. *Id.* Mr. Burley then requested a hearing before an ALJ, who affirmed the determination in a decision dated June 16, 2017. *Id.* However, the Appeals Council subsequently vacated the ALJ's decision in an order dated June 18, 2018 and remanded the case for a new hearing. *Id.* After that hearing on October 17, 2018, (Tr. 112), the ALJ again denied Mr. Burley's claim in a decision dated November 27, 2018. (Tr. 109-134). On March 24, 2020 the Appeals Council denied Mr. Burley's request for review, leaving the ALJ's November 27, 2018 decision as the Commissioner's final administrative decision. (Tr. 1-6). Mr. Burley has now requested judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the eight-step sequential evaluation process established by the Social Security Administration to determine whether Mr. Burley's benefits should cease. *See* 20 C.F.R. § 404.1594(f)(1)-(8). The Fourth Circuit has described these eight steps as follows:

> (1) Is the claimant engaging in substantial gainful activity? If yes, the disability has ended. If no, proceed to step two. (2) Does the claimant have an impairment or combination of impairments which meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If yes, the disability continues. If no, proceed to step three. (3) Has there been medical improvement as shown by a decrease in the medical severity of the impairment(s) that existed at the time of the most recent favorable disability decision? If yes, proceed to step four. If no, proceed to step five. (4) Is the medical improvement related to the ability to work, i.e., has there been an increase in the claimant's RFC? If yes, proceed to step six. If no, proceed to step five. (5) Do any of the exceptions set out in 20 C.F.R. § 404.1549(d) or (e) apply? If none of them apply, the claimant's disability continues. If one of the first group of exceptions to medical improvement applies, proceed to step six. If one of the second group of exceptions to medical improvements applies, the claimant's disability has ended. (6) Is the claimant's current impairment or

2

combination of impairments severe? If yes, proceed to step seven. If no, the disability has ended. (7) Does the claimant possess the RFC to perform her past relevant work? If yes, the disability has ended. If no, proceed to step eight. (8) Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow the claimant to do other work? If yes, the disability has ended. If no, the disability continues.

*Dowling v. Comm'r of SSA*, 986 F.3d 377, 383 (4th Cir. 2021) (citing 20 C.F.R. § 404.1594(f)(1)-(8)).

At step one, the ALJ found that Mr. Burley had not engaged in substantial gainful activity since he was last found disabled on June 24, 2006. (Tr. 115).[1] The ALJ further found that the medical evidence established that, since May 1, 2014, Mr. Burley had the following medically determinable impairments: "Congestive Heart Failure (CHF), Cardiomegaly, Hypertension (HTN), Diabetes (including vision related), Asthma, Obstructive Sleep Apnea (OSA), Obesity, Post-Traumatic Stress Disorder (PTSD), Depression, Alcohol Abuse in Remission, Gastroesophageal Reflux Disease (GERD), and Arthritis (including residuals from status-post left surgery)." (Tr. 115). At step two, the ALJ found that, since May 1, 2014, Mr. Burley had not had an impairment or combination of impairments that met or equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Importantly, the ALJ then found at step three that medical improvement occurred on May 1, 2014. (Tr. 119). And, at step four, the ALJ found that the medical improvement related to Mr. Burley's ability to work. (Tr. 120). Because the ALJ found that the medical improvement related to Mr. Burley's ability to work, he proceeded to step six where he found that, since May 1, 2014, Mr. Burley continued to have a severe impairment or combination of impairments. *Id.* Specifically,

---

[1] The ALJ, however, noted that this evidence was "inconsistent." (Tr. 115). Mr. Burley "alternately alleged that he never worked during this period, and that he was working during part of this period." *Id.* In any event, the ALJ found "that the allegations about not working are more consistent with the broader record . . . ." *Id.*

the ALJ found that the following impairments were severe: congestive heart failure, cardiomegaly, hypertension, diabetes (including vision-related), asthma, obstructive sleep apnea, obesity, post-traumatic stress disorder, depression, alcohol abuse in remission, and arthritis. (Tr. 120-21).

At step seven, the ALJ found that, even with these impairments, Mr. Burley had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), except: "No more than occasional overhead left reaching. Must avoid concentrated exposure to hazards (including, would need an environment that would allow for a portable oxygen tank). Avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. Limited to simple, routine tasks." (Tr. 121). Based on this RFC, he found that Mr. Burley was unable to perform his past relevant work as a clerk, laborer, truck driver or security guard. (Tr. 126). Finally, at step eight, the ALJ found that Mr. Burley was able to perform other jobs existing in significant numbers in the national economy and therefore was no longer disabled as of May 1, 2014. (Tr. 127).

### III. LEGAL STANDARD

District courts review the ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g). The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Though the "threshold for such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585,

589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

Plaintiff argues that the ALJ failed to adequately explain why Mr. Burley's "moderate" limitations to "concentration, persistence or pace" ("CPP") did not result in a corresponding limitation to his RFC. (Tr. 117, 121).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R §§ 404.1546(c) & 416.946(c). In formulating a RFC, the ALJ is not required to discuss each and every piece of evidence. *See Reid v. Comm'r of Soc. Sec.,* 769 F.3d 861, 865-66 (4th Cir. 2014). In making that assessment, the ALJ, however, must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling (SSR) 96-8p at *2.

Plaintiff argues that the ALJ's functional limitation of Plaintiff to "simple, routine tasks" does not account for a moderate CPP limitation and fails to comply with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). However, *Mascio* does not stand for the proposition that remand is automatically warranted when an ALJ finds a moderate limitation in CPP but fails to provide a corresponding limitation in the RFC. *Holbrook v. Berryhill*, 2018 WL 325244, at *4, No. 3:16-cv-00713 (W.D.N.C. Jan. 8, 2018). So long as an ALJ's RFC assessment is supported by substantial evidence in the record, and other inadequacies in the ALJ's decision do not frustrate meaningful review, an ALJ has met his *Mascio* duty. *Mascio*, 780 F.3d at 636 ("[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."). Thus, remand for lack of discussion is appropriate only if the ALJ's opinion is "'sorely lacking' in a manner that 'frustrates meaningful review.'" *Hubbard v. Berryhill*, No. 3:17-

CV-677, 2018 WL 3744017, at *6 (W.D.N.C. Aug. 7, 2018) (quoting *Ponder v. Berryhill*, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017)). Further, "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)).

Here, the ALJ discussed in detail the evidence from the claimant and his medical sources, as well as examining his mental health treatment history overall, and sufficiently explained why the mental limitation to simple and routine tasks accounted for Mr. Burley's moderate limitations in concentration, persistence, or pace. Examining Mr. Burley's mental health, the ALJ found that the evidence was "more conservative than what the full allegations suggest," and that the "clinical evidence [was] overly mixed." (Tr. 124). Mr. Burley is described by his medical sources as "unremarkable" in areas like "alertness, eye contact, speech, memory, attention, concentration, thought processes, thought content, insight, impulse control, judgement intelligence, comprehension, and cooperation." (Tr. 124-125). Also, Mr. Burley's overall mental health treatment history does not show "extended psychiatric hospitalizations, consistently frequent mental emergency room visits, or consistently frequent visits with outpatient psychiatrists and psychologists." Further, the RFC is supported by some of the claimant's statements "indicat[ing] that he could still perform tasks like going out for walks, driving, and assisting with child football games" because these activities "involve/show functional abilities in the alleged problem areas." (Tr. 125). Other evidence in the record similarly supports the ALJ's RFC formulation. Therefore, the ALJ in this case addressed Mr. Burley's moderate limitations in concentration, persistence, or pace and explained why the evidence supported a mental limitation to simple, routine tasks.

6

Mr. Burley's second challenge to the ALJ's decision is that the ALJ improperly determined that the VA's finding of 100% disability is not entitled to "substantial weight" as required by *Bird v. Comm'r of Soc. Sec.*, 699 F.3d, 337, 343 (4th Cir. 2012).[2] The ALJ considered the VA's ruling, and after noting he is not bound by the ruling, gave it little weight. The ALJ explained his decision, writing: "the updated record supports a lesser degree of impairment and an RFC that is more consistent with the above finding. This includes the improved EF scores, the State agency and consultative opinions, the evidence of improvement, and the nature and frequency of the conservative clinical evidence in areas like alertness, concentration, strength, sensation, gait, and range of motion, as discussed." (Tr. 126).

The Fourth Circuit held in *Bird* that "the [Commissioner] must give substantial weight to a VA disability rating" in making a disability determination. 699 F.3d at 343. However, although the Commissioner should accept another agency's disability determination as evidence of a claimant's condition under the regulations implementing the Social Security Act, that agency's decision is not binding on the social security administration. *Bird*, 699 F.3d at 343. "[B]ecause the [social security administration] employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs will likely vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id*. "[I]n order to demonstrate that it is appropriate to accord less than substantial weight to [a VA's decision], an ALJ must give

---

[2] Since *Bird*, new Social Security regulations provide that "in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. §§ 404.1504. However, Mr. Burley's claim was filed before March 27, 2017, so the new regulations are not applicable in this case.

7

persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018).

The Court finds there is substantial evidence to support the ALJ's view of the VA's decision. The Court "must read the ALJ's decision as a whole," and findings in one step can support findings in subsequent steps of the analysis. *Keene v. Berryhill*, No. 17-1458, 2018 WL 2059514, at *3 (4th Cir. May 2, 2019). The ALJ's persuasive, specific, and valid reasons for discounting the VA's decision can be found in his thorough analysis at step two and his RFC determination. For instance, the ALJ's findings that Mr. Burley "could still perform tasks like going out for walks, driving, and assisting with child football games," that his overall "physical treatment history" and "mental health treatment history" are "more conservative than what the allegations suggest," and that "there is also evidence of mixed treatment compliance, and of improvement or better-managed symptoms with treatment" support the conclusion that deviation from the VA's ruling is appropriate. (Tr. 124, 125). Therefore, the Court finds that, in reading the decision as a whole, the Commissioner has met the standard under *Bird*.

## V. ORDER

While the Court does not reach any conclusion as to how it would rule on Mr. Burley's claim on a d*e novo* review, a reasonable mind would find that the evidence is adequate to support the ALJ's decision. The ALJ's decision, therefore, is hereby **AFFIRMED**; Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; and the Commissioner's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**.

**SO ORDERED.**

Signed: August 9, 2021

Kenneth D. Bell
United States District Judge